## LANGE VS. KENNEDY.

*Partnership—Authority of one partner to bind another after dissolution.*

After dissolution of a partnership, one of the late firm cannot bind the other by giving to a party who has notice of such dissolution, a note in the firm name even in renewal of a partnership note, or for a balance due on partnership dealings.

ERROR to the Circuit Court for *Kenosha* County.

The action below was brought by *Kennedy* upon three notes executed to "Rathbone & *Kennedy*," in March, 1856, by one Kimball, in the firm name of "*Lange* & Kimball," and alleged to have become the sole property of said *Kennedy*. The answer of *Lange* denies that any partnership existed between him and Kimball at the time of the making of said note, and also denies that he and Kimball ever made said notes, or that he was a party thereto or liable thereon. Evidence was introduced

on behalf of the defendant, tending to show that the partnership between himself and Kimball was dissolved in 1855; that notice of such dissolution was given the firm of "Rathbone & *Kennedy*" in the same year; and that he never consented to the execution of the notes in suit, or promised to pay them. The evidence also tended to show that said notes were given for a balance due and unpaid on a former note duly executed to Rathbone & *Kennedy* by *Lange* & Kimball.

The defendant asked the following instruction: "If the jury find that the plaintiff, or the firm of Rathbone & *Kennedy*, received notice of the dissolution of the firm of Kimball & *Lange* before the 20th day of March, 1856, or if they knew that *Lange* was no longer a member of that firm, and that the notes of that date were made by Kimball without *Lange's* consent, and that he has not, since the date of them, assented to be bound by them, their verdict must be for the defendant." The court refused to give this instruction in the form asked, but gave it with the following addition: "A partner has a right, after the firm is dissolved, to give notes to fulfil former engagements." The defendant also asked for the following instructions, both which were refused: "2. After persons with whom a firm has been dealing have notice of the dissolution of the firm, one of the partners has no power to bind his copartner by giving a company note for balance of indebtedness on such dealings. 3. The giving of the three notes in question, extending time of payment, was a new contract; and if the jury find that the firm of Rathbone & *Kennedy* had received from *Lange* notice of or knew of the dissolution of the firm of Kimball & *Lange* before the giving of the notes in question by Kimball, then the verdict must be for the defendant."

Verdict for the plaintiff; motion for a new trial, overruled; and judgment upon the verdict; to reverse which this action was brought.

*J. J. Pettit*, for the plaintiff in error, cited in support of the instructions asked, *National Bank v. Norton*, 1 Hill, 575; *Mitch-*

*ell v. Ostrom*, 2 id., 521 ; *Hackley v. Patrick*, 3 Johns., 536 ; *Sanford v. Mickles*, 4 id., 225 ; *Lansing v. Gaine*, 2 id., 302 ; *Buchanan v. Curry*, 19 id., 143 ; *McPherson v. Rathbone*, 11 Wend., 96 ; *Geortner v. Trustees of Canajoharie*, 2 Barb., 625 ; 3 Kent (2d ed.), sec. 43, p. 63 ; *Van Keuren v. Parmelee*, 2 Coms., 524–532 ; *Benedict v. Hecox*, 18 Wend., 502 ; 9 Cow., 420–34 ; 7 id., 650 ; *Crane v. French*, 1 Wend., 312 ; *Walden v. Sherburn*, 15 Johns., 424 ; *Baker v. Stackpole*, 9 Con., 420 ; 2 Met., 309–10 ; 1 id., 486 ; 18 Pick., 505 ; *Long v. Story*, 10 Mo., 636 ; 25 Ga., 715 ; 5 id., 166 ; 1 McCord, 388 ; *Le Roy v. Johnson*, 2 Peters, 186 ; 1 id., 351, 367–74 ; *Kilgour v. Finlyson*, 1 H. Black., 155 ; *Abel v. Sutton*, 3 Esp. Cas., 108 ; *Dickerman v. Bowman*, 14 Wis., 391–93 ; Collyer on Part. (ed. of 1861), secs. 533–546 and notes, and sec. 118 and notes, and secs. 120, 530–532 ; Story on Partnership, secs. 322–28.

*O. S. & F. H. Head*, for defendant in error.

[No brief on file.]

DOWNER, J. The authorities cited by the plaintiff in error are clearly to the effect that the first instruction asked by the plaintiff in error (defendant below) was correct, and without addition or qualification should have been given. We also think that the second and third instructions asked by the defendant below should have been given, unless there was some evidence of authority from *Lange* to make the notes, other than what one partner after dissolution has by virtue of the partnership to bind the others ; or evidence of ratification after they were made.

*By the Court.*—The judgment of the circuit court is reversed, and a *venire de novo* awarded.