LORENZO C. WARD

*v.*

THE MINNESOTA AND NORTHWESTERN RAILROAD COMPANY.

*Filed at Ottawa January 25, 1887.*

1. EMINENT DOMAIN—*corporate existence of the railroad company petitioning—whether it must be shown, and in what way, etc.* The defendant, in a proceeding to condemn his land by a railway company, by going to trial on the merits, waives the necessity of the preliminary proof of the corporate existence of the petitioner.

2. The proof of the corporate existence of a railway company, if required to be made, is addressed to the court, and not to the jury called to assess the damages. The right to exercise the right of eminent domain is a question exclusively for the court to determine. The defendant may raise the question of the petitioner's right, without plea or answer.

| 119 | 287 |
| 121 | 268 |
| 119 | 287 |
| 125 | 607 |
| 119 | 287 |
| 141 | 144 |
| 143 | 648 |
| 119 | 287 |
| 149 | 160 |
| 149 | 287 |
| 119 | 287 |
| 161 | 652 |
| 119 | 287 |
| 158 | 393 |
| 119 | 287 |
| 170 | 601 |
| 119 | 287 |
| 174 | 302 |
| 119 | 287 |
| 177 | 628 |
| 119 | 287 |
| 85a | 500 |
| 119 | 287 |
| 186 | ²160 |
| 119 | 287 |
| 200 | ¹248 |

3. Proof of the exercise of corporate acts, though slight, will be sufficient to authorize the proceeding to condemn land by a railway company. So the filing of a cross-petition by the defendant for the assessment of damages to other land than that sought to be taken, may be regarded as an admission of the corporate capacity of the petitioner. The defendant, by asking the court for a rule on the petitioner to exhibit the plan and profile of its road over and across the lands sought to be condemned, may be regarded as admitting that the petitioner is a *de facto* corporation.

4. SAME—*proof of inability to agree with land owner.* Where, from the contest and the acts of the parties, it is evident that the parties could not agree as to the compensation to be paid for land sought to be condemned for a right of way, the judgment will not be reversed, because no direct testimony was offered to show such inability to agree.

APPEAL from the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. R. N. BOTSFORD, for the appellant:

There is no proof in the record that appellee is a legally existing corporation, or possesses any right or authority to condemn lands for the purposes stated in the petition.

One of the jurisdictional facts required to be stated in the petition, is the authority of the petitioner to condemn, and another is an inability to agree with the owner as to the compensation. There is as much reason and necessity for averring the one jurisdictional fact as the other one, and the same necessity that the one should be supported by the evidence as that the other one should. The defendant is not required to deny either fact, or put them in issue by a plea or answer. This court has repeatedly held that no answer in these cases is necessary, or will be allowed to stand in the record. *Smith* v. *Chicago,* 105 Ill. 511; *Johnson* v. *Railroad Co.* 111 id. 413.

The court will not take judicial notice that a party assuming and claiming the right to the benefits of the statute, is authorized so to do because the petition so states, no more than it will take judicial notice that an unsuccessful effort has been made to agree upon the compensation which ought to be made to the owner of the lands, because it is so averred,

in the petition; but such fact must be averred and proven. 1 Wood on Railways, sec. 232; *Booker* v. *Railway Co.* 101 Ill. 333; *Bowman* v. *Railway Co.* 102 id. 459; *DeBuol* v. *Railway Co.* 111 id. 499.

Some proof of the corporate existence of the petitioner is necessary. *McAuley* v. *Railway Co.* 83 Ill. 348; *Railway Co.* v. *Railway Co.* 105 id. 110; *Railway Co.* v. *Railroad Co.* 112 id. 589; *Railroad Co.* v. *Sullivant,* 5 Ohio St. 276; *Atkinson* v. *Railroad Co.* 15 id. 21.

Messrs. GARDNER, McFADEN & GARDNER, for the appellee:

It being clearly settled by Illinois decisions that a railroad company *de facto* may exercise the power of eminent domain, therefore it follows that the averments of the petition are sufficient to establish this fact, in the absence of any denial thereof by the land owner. *Railway Co.* v. *Railroad Co.* 112 Ill. 589.

The Illinois Statute of Eminent Domain provides for the trial by jury of no other issue except the question of damages. If the land owner desires, he may have the court pass upon the truth of the other averments of the petition, but unless he raises the point before the verdict, its allegations are taken as true. *Smith* v. *Railroad Co.* 105 Ill. 511.

The admissions of defendant, made in the pleadings and on the trial, sufficiently establish the existence of petitioner as a corporation *de facto.* In collateral proceedings, the existence of a corporation *de facto* may be proven by admissions of defendant. *Wood* v. *Coal Co.* 48 Ill. 356; 2 Morawetz on Corporations, sec. 774.

Where the evidence is conflicting as to the value of property sought to be condemned for railroad purposes, and the jury have examined the premises in person, this court will not reverse, on the ground, alone, that the damages assessed are insufficient, unless the damages are clearly too little.

. Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The petition in this case was exhibited by the Minnesota and Northwestern Railroad Company, and the object was to have a strip of land, particularly described, and alleged to belong to Lorenzo C. Ward, condemned, under the Eminent Domain act, for the right of way upon which to construct its railroad track. The proceedings on the petition were had in the circuit court of Kane county. Before the trial was commenced, defendant filed a cross-petition, in which he described the lands owned by him, of which the strip proposed to be taken by the railroad company for its right of way, formed a part, and showing how it would be affected by cutting off from the main body of his land the strip to be condemned, and the construction of the railroad upon it, and asked to have the damages assessed to him for the injury that would be done to the entire body of his land. The cause was submitted to a jury on the original and the cross-petitions, who, after viewing the premises and hearing the evidence offered by both parties, returned a verdict allowing the owner, for the right of way, $1800, and for damages, $1700, making a total sum of $3500, for which amount the court rendered judgment, in the usual form. The land owner brings the case to this court on appeal.

It will be observed, the petition states every fact the law requires to be stated to give the court jurisdiction to hear and determine the condemnation proceedings. It is distinctly alleged, petitioner is a corporation duly created, organized and existing under the laws of the State of Illinois, and that it is authorized, by its articles of incorporation, to construct, operate and maintain a railroad between certain terminal points within the State; that it intends to construct a railroad, as authorized by its articles of incorporation, and that the lands of defendant are necessary for use for the right of way; that petitioner, by its proper officers, has located its line

of road over the lands of defendant; that it is unable to agree with the owner as to the compensation to be made for the taking of his land, and therefore asks that the compensation to be made to the owner for that portion of his land taken, may be assessed under the statute. No question is made as to the form or sufficiency of the petition, but it is objected, no proof was made, on the trial, that petitioner was either a *de jure* or *de facto* corporation, and it is insisted the omission to make such proof is fatal to the present condemnation judgment. Several answers may be made to the position taken.

*First*—Defendant waived the making of such proof by going to trial on the merits of the controversy, without objection. Even if proof is required to be made of the formal allegations of the petition, such proof is to be addressed to the court, and not to the jury. Whether the petitioner, in such cases, is a corporation, and is authorized to exercise the right of eminent domain, is a question to be determined by the court, and with which the jury have no concern. It is a preliminary question, and if the land owner goes to trial on the merits, without requiring such proof to be made, it will be understood he waives the making of the proof, and admits the capacity in which the petitioner sues. The fact that no formal answer may be required to be made to the petition, under the practice that prevails in this State, would not prevent defendant from objecting that petitioner shall not proceed to ascertain the compensation to be paid, until proof is made it is a corporation, either *de jure* or *de facto,* under the law, and as such is authorized to exercise the right of eminent domain. In this case, defendant went to trial on the merits, without objection as to the right of petitioner to condemn his land for public purposes, and he will be held to have waived the necessity for making proof of such right.

*Second*—There is some proof the petitioner is a corporation *de facto,* and that is all the law requires in this class of cases. There is evidence, although it may be slight, of corporate acts

done by petitioner.   It appears an engineer has been ap-
pointed, the line of the proposed road has been located, and
other steps taken towards the building of the road, to be con-
structed between points named, and among other things done,
the line of road has been located over lands owned by defend-
ant.   These are corporate acts, and tend to show petitioner
is a corporation *de facto.*

   *Third*—By filing a cross-petition, asking to have damages
assessed for the injury done to his lands not taken, defendant
admits petitioner has the right to exercise the right of eminent
domain, and may lawfully condemn his lands for public pur-
poses.   This, of course, it could not do unless it was a cor-
poration, in fact and in law.   Admitting, as the cross-petition
does, petitioner's right to condemn defendant's land, dis-
penses with any necessity for proof that petitioner is a cor-
poration, as alleged in the petition.   In the cross-petition,
reference is made to the "said railroad company,"—that is,
the corporation mentioned in the original petition asking for
the condemnation of defendant's land.   It may also be said,
defendant, further recognized petitioner as a *de facto* corpo-
ration by asking the court for a rule upon petitioner to exhibit
its plan and profile of its projected railroad across his lands
so proposed to be condemned.   The court might well have
understood, from these and other facts appearing in the
record, defendant did not require any preliminary proof to
be made of petitioner's corporate capacity, and of its right
to condemn lands for public uses.

   It is insisted, there was no proof offered on the allegation,
petitioner was unable to agree with the owner as to compen-
sation to be paid for the land sought to be taken.   Without
conceding it is necessary to make such proof, that fact, alleged
in the petition, is very apparent.   It is true, no direct testi-
mony was offered, but the fact there is a vigorous contest
between the land owner and the corporation, both on the
original as well as upon the cross-petition, makes it evident

the parties were unable to agree as to the compensation to be paid for the land to be condemned. It would have been idle to offer direct testimony on a point in the case that both parties conceded.

Finally, it is said, neither the verdict of the jury nor the judgment of the court is supported by the evidence. The testimony contained in the record as to the damages defendant would sustain by reason of taking a portion of his land and the construction of the railroad upon it, has been subjected to a careful and close study. It is found to be conflicting in the extreme. Witnesses, so far as this court can know, of equal candor, and opportunities to form a correct judgment concerning the matters about which they were called to testify, differ widely as to the value of the land taken, and the damages that would otherwise be sustained. It is upon such questions the verdict of a jury, drawn from the vicinity, is regarded of great value. In this case, the jury not only saw and heard the respective witnesses, but had the advantage of viewing the premises before making up their verdict. Great weight, therefore, ought to be given to their judgment as to the matters submitted to them. The question made as to the damages sustained, is, of course, purely a question of fact, concerning which the evidence is so conflicting this court would not feel at liberty to disturb the finding of the jury, under the circumstances.

No error appearing in the record, the judgment must be affirmed. *Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting:

I can not concur in this decision. If Tom, Dick and Harry can get together and call themselves a railroad company, and, without proving even their *de facto* existence as a corporation, can take the land of the citizen against his will, then the law furnishes poor protection, indeed, to the ownership of property. To be sure, it is not necessary, that the company, seek-

ing to exercise the right of eminent domain, shall prove itself to be, in all respects, a legally organized corporation, but it must at least show, that it is a body corporate *de facto;* and the usual evidences of such *de facto* existence are the charter and acts of user thereunder. 1 Wood's Railroad Law, 16, 19; *McAuley* v. *Columbus, Chicago and Indiana Central Ry. Co.* 83 Ill. 348; *Peoria and Pekin Union Ry. Co.* v. *Peoria and Farmington Ry. Co.* 105 id. 110; *Chicago and Northwestern Ry. Co.* v. *Chicago and Evanston Railroad Co.* 112 id. 589.

In this record, there is not a particle of evidence to show, that there is any such corporate body as the Minnesota and Northwestern Railroad Company. Not even the *de facto* existence of such a corporation has been established. No charter has been produced; no acts of user have been proven. It does not appear, that any organization of any kind has even been attempted, much less effected.

It is not sufficient to say, that the appellant should have objected, that there was no proof of corporate existence. It was necessary for the appellee to furnish such proof in the first place, in order to give the court jurisdiction to act in the premises. The second section of the Eminent Domain act provides, that the right to take private property for public use, without the owner's consent, must be conferred by "general law or special charter," before the company, seeking to condemn, can file its petition. It can not proceed, until it has proven that such right has been conferred by general law or special charter. The authority to condemn must be set forth in the petition *"by reference,"* so that parties interested can examine, and see whether the authority claimed actually exists. The right so to take private property for public use is a tremendous and dangerous power. It is an attribute of sovereignty, and, in conferring it upon a corporation, the State parts with a portion of its own sovereignty. The exercise of such a power should be hedged about with all possible safeguards. The assertion of such a right should never be per-

mitted, except in strict conformity with the law of the land. *Mitchell* v. *Illinois and St. Louis Railroad and Coal Co.* 68 Ill. 286; *Chicago and Alton Railroad Co.* v. *Smith,* 78 id. 96.

The appellant could not set up an objection to the existence of the corporation in an answer or plea, as we have decided, that "under the Eminent Domain act an answer is not allowable, and the principle includes a plea." *Johnson* v. *Freeport and Mississippi River Ry. Co.* 111 Ill. 413.

But it is said, that, inasmuch as the appellant has made use of the words, "the said railroad company," in his cross-petition, he has thereby admitted the existence of appellee, as a corporation *de facto.* It has been held, that a plea, denying the averment, that the plaintiff was a corporation, was overcome by proof, that defendant sold land to plaintiff and executed a deed to it, by its corporate name. (*Wood* v. *Kingston Coal Co.* 48 Ill. 356.) It has, also, been held, that the execution of a note and mortgage to a corporation, as such, is sufficient *prima facie* evidence of the existence of the corporation. (*Brown* v. *Mortgage Co.* 110 Ill. 235.) But in such cases, the party, affected by the evidence in question, has made a contract, or had dealings with the corporation, whose existence he denies. The cross-petition, however, does not embody or represent any transaction between the petitioner and cross-petitioner. It is addressed to the court. In the present case, it is not sworn to, nor even signed, by appellant. It is signed by his attorneys, and is a mere pleading. It was filed only fifteen days after the original petition was filed, and before appellant had any reason for supposing, that appellee would fail to prove its existence, as a *de facto* corporation, upon the trial of the case. It had no other object than to bring before the court property of appellant, damaged and not described in the original petition. It did not profess to admit or deny the corporate existence of appellee, but, in effect, to merely ask, that, if there was such a corporation, and it should take the land, sought to be condemned, it should

also pay the damages to other lands, not taken. I do not think there is any allegation in the cross-petition, which relieved the appellee from the necessity of making the proofs, requisite to sustain its original petition.