McBride vs. Wright.

McBRIDE, Respondent, vs. WRIGHT, imp., Appellant.

*November 13 — December 3, 1889.*

*Mortgages: Foreclosure: Proof of filing notice of* lis pendens: *Vacating judgment: Presumptions.*

1. A judgment of foreclosure of a mortgage, entered without proof of the due filing of the notice of *lis pendens,* is irregular but not void, and a motion to vacate it on that ground must be made at the same term.
2. The record being silent, the presumption is that proof of such filing was made before the judgment was entered; and the affidavit of a defendant, against whom the judgment was rendered by default, that he believes no such proof was made, is insufficient to rebut such presumption.
3. Although no proof of such filing was made before judgment, proof that the notice was in fact duly filed is a perfect answer to a motion to vacate the judgment on that ground, no merits being shown.

APPEAL from the Circuit Court for *Grant* County.

On March 1, 1887, the plaintiff obtained a judgment in

McBride vs. Wright.

the usual form for the foreclosure of a mortgage executed by the defendants J. M. and *Mary E. Wright* on lands in Grant and La Fayette counties. The judgment recites due filing of notice of the pendency of the action in the office of the register of deeds of Grant county after filing the complaint and more than twenty days before judgment, but the record is silent as to the filing of such notice in the proper office in La Fayette county. At a subsequent term of the court, and nearly a year after the judgment was entered, the defendant *Mary E. Wright* moved the court to vacate such judgment, for the alleged reason that no proof of the filing of notice of the pendency of the action in La Fayette county was made to the court before the judgment was rendered. On the hearing of the motion, March 2, 1888, it was made to appear that such notice was so filed in La Fayette county more than twenty days before judgment. The court denied the motion, April 26, 1888, and from the order denying the same the defendant *Mary E. Wright* appeals to this court.

The cause was submitted for the appellant on the briefs of *A. W. & W. E. Bell.*

*D. J. Gardner*, attorney, and *W. E. Carter*, of counsel, for the respondent.

LYON, J. Assuming that the plaintiff failed to furnish proof before the judgment was entered that the notice of *lis pendens* was filed in due time in the proper office in La Fayette county, such failure does not render the judgment void, but is only an irregularity. If attacked collaterally, the judgment would be held valid. *Manning v. McClurg*, 14 Wis. 350. If there is error in the judgment, it is error committed by the court. In such a case it was held in *Ætna L. Ins. Co. v. McCormick*, 20 Wis. 265, that the trial court has no power to vacate the judgment for such an error at a term subsequent to that at which the

same was entered. This rule has been applied and enforced by this court in numerous cases, and is the settled law in this state and elsewhere. The motion to vacate the judgment herein having been made at a subsequent term, it came too late, and the court was powerless to grant it.

Counsel claims to have followed the practice indicated in *Spraggon v. McGreer*, 14 Wis. 439, but the point was not there made, and there is nothing in that case which sanctions the making of such a motion at a subsequent term. Because the motion was too late, the court properly denied it, if for no other reason.

We are further of the opinion that the motion was properly denied on the merits. The record being silent on the subject, the legal presumption is that proof was made to the court before judgment that notice of *lis pendens* was duly filed in La Fayette county. *Webb v. Meloy*, 32 Wis. 319; *Sage v. McLaughlin*, 34 Wis. 550. The only proof offered to rebut such presumption is the affidavit of appellant that she believes no such proof was made. Judgment having gone against her by default, presumably she was not present and heard nothing of what transpired in court before judgment. The affidavit is entirely insufficient to rebut the legal presumption of regularity. Moreover, had it been satisfactorily established that no such proof was made before judgment, it is difficult to perceive how the appellant could have been injured by the denial of her motion, when it is shown that the proper notice of *lis pendens* was in fact filed in due time in La Fayette county. We think the proof that it was so filed is a perfect answer to the motion to vacate the judgment, no merits being shown.

*By the Court.*— The order of the circuit court is affirmed.