THE STATE EX REL. FULLER and another vs. THE CIRCUIT COURT FOR WAUKESHA COUNTY.

*October 15 — October 30, 1900.*

*Appealable order:* Certiorari: *Vacating judgment at subsequent term: Foreclosure of mortgages: Notice of* lis pendens.

1. An order setting aside a foreclosure judgment because notice of *lis pendens* had not been duly filed, but not granting a new trial, is not appealable under subd. 2 or subd. 3, sec. 3069, Stats. 1898; and if the court had no power to make such order its action may be reviewed on *certiorari.*

2. A judgment of foreclosure of a mortgage, entered without compliance with the requirement of sec. 3187, Stats. 1898, that a notice of *lis pendens* shall be filed twenty days before judgment, is irregular but not void, and the court has no power to set it aside, because of such irregularity, at a subsequent term.

State ex rel. Fuller and another vs. Circuit Court for Waukesha Co.

CERTIORARI to review an order of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Reversed.*

In 1898 the relators commenced an action in the circuit court for Waukesha county to foreclose a mortgage given by one Mary E. Walsh. The complaint was filed in the clerk's office on August 13, 1898, and the notice of *lis pendens* was filed with the register of deeds on the same day. The defendant being in default, judgment of foreclosure was duly entered on September 2, 1898. A sale thereunder was duly made November 11, 1899, and confirmed December 16, 1899. On January 9, 1900, the defendant in that action obtained an order to show cause why said judgment and sale should not be set aside, based upon an affidavit of her attorney, alleging certain irregularities, but principally that the notice of *lis pendens* had not been filed twenty days before judgment. On the 24th day of January, 1900, the court made an order setting aside said foreclosure sale and vacating the judgment. No answer was tendered and no claim was made as to any defense on the merits. The term at which the foreclosure judgment was entered expired December 5, 1898. On February 24, 1900, a writ of *certiorari* was issued by this court to the circuit court for Waukesha county, commanding that said court certify the record and proceedings in said action to this court for review. Due return thereto was made, from which the facts above stated are taken.

For the relators there was a brief by *Nath. Pereles & Sons,* and oral argument by *C. F. Hunter.*

For the defendant there was a brief by *Ryan & Merton,* and oral argument by *E. Merton.*

BARDEEN, J. One reason urged why the writ herein should be quashed is that the plaintiffs have an adequate remedy by appeal, under subd. 2, sec. 3069, Stats. 1898. What is said by the court in *Ledebuhr v. Grand Grove W. O. D.* 97 Wis.

341, is a sufficient answer to that contention. The order is not appealable under subd. 3, because no application was made to set aside the defendant's default, and no new trial was granted. There being no adequate remedy in this direction open to the parties, there is no perceivable reason why the action of the circuit court may not be reviewed in this proceeding, if it be determined that it proceeded without jurisdiction or authority. We need not enter into any discussion of the power of this court to review the action of the court below in a proper case. That has been settled in a long line of cases mentioned in *State ex rel. Fourth Nat. Bank v. Johnson*, 103 Wis. 591.

The foreclosure judgment that was set aside was entered September 2, 1898. The term at which it was entered expired on December 5, 1898. The order vacating the judgment was made January 24, 1900, more than one year after the term had ended. Sec. 3187, Stats. 1898, requires that a notice of *lis pendens*, in an action to foreclose a mortgage, shall be filed in the office of the register of deeds of the proper county, " twenty days before judgment." In *Manning v. McClurg*, 14 Wis. 350, it was held that the omission to file such notice was an irregularity sufficient to cause a reversal of the judgment, but did not render it void. Such, also, would be the effect on a judgment entered before the notice had been on file for the term required by the statute. In *McBride v. Wright*, 75 Wis. 306, the judgment was entered without proof of the filing of the notice. At a subsequent term, and nearly a year after the judgment was entered, the defendant moved to vacate the judgment, and appealed to this court from the order denying such motion. The rule in *Manning v. McClurg* was affirmed, and the court further said that, the application to vacate having been made at a term subsequent to that at which the judgment was rendered, the court had no power to vacate it. Again, in *Huntington v. Meyer*, 92 Wis. 557, it was held that, although

State ex rel. Fuller and another vs. Circuit Court for Waukesha Co.

such notice was not filed, the court had jurisdiction to enter judgment, and it could not be treated as a nullity. It was irregular, but not void. The law was early announced by this court to be that, as to all matters on which the mind of the court did act, or is presumed from the record to have acted, in the rendition of the judgment, it has no power to alter or change at a subsequent term. *Ætna L. Ins. Co. v. McCormick*, 20 Wis. 265. Later cases on the same subject and to the same effect are noted in *Milwaukee M. L. & B. Soc. v. Jagodzinski*, 84 Wis. 35; *Day v. Mertlock*, 87 Wis. 577; *Bassett v. Bassett*, 99 Wis. 344. See, also, *Packard v. Kinzie Ave. H. Co.* 105 Wis. 323, in which the discussion as to what mistakes or errors may be corrected by the court at a subsequent term is quite pertinent to the contention of the defendant in this case.

Now, if it be conceded that the notice of *lis pendens* in this case had not been on file for the period of twenty days before judgment was entered (a question we do not decide), it is evident, from the authorities cited, that the court was absolutely without power or authority to vacate or set aside its judgment at a subsequent term. The judgment was simply irregular. If there was error in it, it was error committed by the court. After the term expired no power existed in the court to correct it. Counsel for defendant refer us to the case of *Gile v. Colby*, 92 Wis. 620, as furnishing some justification for the course they pursued. It is true that the writer of the opinion in that case suggests that it would be better practice to have made application to the trial court for the correction of the error before taking an appeal. In view of the fact that the power of the court to disturb judgments at a subsequent term had been denied in so many cases, they ought not to have been misled by the inadvertent suggestion contained in that case, for it is no more than a suggestion. It is perfectly evident that the writer did not have in mind the disability under which the court labors

after the term has ended as to such matters, and that there was no intention of overturning a rule of law so firmly established as the one in question.

*By the Court.*— The order of the circuit court setting aside the foreclosure sale and vacating the judgment is reversed.