PENNEFEATHER and others, Appellants, vs. CITY OF KENO-
SHA, Respondent.

*February 6—March 7, 1933.*

The cause was submitted for the appellants on the brief of *Alfred L. Drury* and *Joseph L. Gottschlich,* both of Kenosha, and for the respondent on that of *Roy S. Stephenson* and *Chester D. Richardson,* both of Kenosha.

FOWLER, J.   The appellants claim (1) that the condemnation proceedings are wholly void for want of allegation in the petition and for want of proof that the premises to be

condemned could not be acquired by gift or purchase at an agreed price; (2) that the proceedings are void for failure to file with the register of deeds a notice of pendency of the proceedings as required by statute; and (3) that the proceedings, if valid, condemn the entire tract of the plaintiffs, and that the valuation of the entire tract as determined by the commissioners was not paid into court on the appeal of the plaintiffs from the award of the commissioners.

(1) Sec. 32.02, Stats., provides for condemnation of land "in case such property cannot be acquired by gift or purchase at an agreed price." It is said in *Milwaukee v. Diller,* 194 Wis. 376, 383, 216 N. W. 837, that "this provision . . . has been generally held by the courts to be a very material provision and valuable to the property owners," and it is there indicated that inability to procure by purchase at an agreed price must appear from the record in order to confer jurisdiction. However, no consent to the proceeding was expressed by the landowner in that case and the statement must be taken as only indicating that inability to procure by purchase is essential to jurisdiction in absence of the express consent of the owner to the prosecution of the proceedings. As stated in the *Diller Case, supra,* the provision is for the benefit of the owner, and if he sees fit to appear and expressly consent to proceed without compliance with the provision respecting inability to purchase at an agreed price, no reason is perceived why he may not do so. The court has jurisdiction to condemn lands to widen streets and acquired jurisdiction of the persons of the owners of the land by their express appearance and consent to proceed to condemn, and by this consent the petitioner by implication conferred jurisdiction to acquire the land of which the appellants were the owners. The appearance and consent referred to was in writing signed by all of the appellants. The appellants thereby "entered, jointly and severally, their appearance" in the condemnation proceedings and thereby "con-

sented that the city might proceed at any time thereafter without notice to prove necessity in the matter of the taking of the land." It is contended that the omission to state inability to purchase the land upon agreement with the owner is a jurisdictional matter which cannot be cured by appearance and participation in the proceedings. If this be so, it may be cured by express consent to prosecution of the proceedings. It was held in *Ward v. Minnesota & N. W. R. Co.* 119 Ill. 287, 10 N. E. 365, that an owner by filing a cross-petition asking for damages to lands adjacent to the land taken and proceeding to trial on the merits admitted that the parties had not been able to agree. In that case the petition stated the fact but there was no proof of it. With equal reason one so admits who expressly consents in writing that the necessity of the taking may be determined by the jury. Inability to agree is one of the facts to be found by the jury in determining the necessity to condemn, and consenting to the determination impliedly admits this fact. The case of *Winnebago Furniture Mfg. Co. v. Wisconsin M. R. Co.* 81 Wis. 389, 51 N. W. 576, is relied on by the appellants to the point that allegation and proof of inability to purchase at an agreed price is essential to jurisdiction. No express consent of any kind was given in that case and an allegation omitted from the petition was held essential to jurisdiction of the "subject matter." The statute made it a prerequisite to condemnation of land by a railroad company "that the route of said road has been located by its board of directors upon the line so staked out, and that the real estate so described is required for the purpose of constructing and operating the proposed railroad." There was no allegation or proof of location by the board of directors and the word "desired" was used in the petition instead of the word "required." The fact omitted in the *Winnebago Furniture Co. Case* was not one going only to the right to take plaintiff's lands, to the taking of which he might consent. It went to

the right to exercise the right of eminent domain for the purpose of the project, and plaintiff could not consent to such exercise. This and the fact that no consent to the proceeding was given is sufficient to distinguish the instant case.

We are of opinion that the appellants by their appearance and express consent to the determination of necessity by the jury admitted the inability to purchase the land at an agreed price, and cannot now be heard to object either to absence of an allegation to that effect in the petition or to the absence of proof thereof in the proceedings before the jury or upon the appointment of commissioners.

(2) Sec. 281.04, Stats., provides for the filing of a notice of the pendency of an application to condemn lands to widen a street, and that neglect to comply with this provision shall render the proceeding void. This notice is intended for the benefit of persons acquiring the property or some interest therein after the commencement of the proceedings. As to any such person not having knowledge of the proceedings at the time his interest was procured or derived, the proceedings are void. But the absence of such filing cannot operate to render the proceedings void as to parties who appeared in the proceedings and consented thereto and participated therein, as did the appellants. The doctrine of *"lis pendens* has no application as between the parties to the action." 38 Corp. Jur. p. 55. Upon like reason the same rule should apply to proceedings not actions in the strict sense of the word, although the condemnation proceedings, after they reach the circuit court, are considered as actions. Sec. 32.11, Stats. The doctrine "will not be given effect when the reasons which give rise to it do not require its enforcement." 38 Corp. Jur. p. 9.

(3) The petition, the adjudication of necessity, and the award of the commissioners all describe the property involved as the entire parcel owned by the appellants, but a map accompanying the petition clearly shows that only eighty-two and a half feet of it was contemplated to be and

was taken. The widening of the street was to make its lines an extension of the lines of those of the street at the limits of the tract through which the widening was to take place. The evidence before the court in the hearing for the determination of the necessity of the taking of the property and before the commissioners shows this and that only eighty-two and a half feet of the tract was to be taken; the findings of the commissioners that the remainder of the tract was benefited and that the value of the land taken was less than the value of the entire tract so show; and the parties to the proceedings knew that taking eighty-two and a half feet of the tract would fix the street line as contemplated. Consideration of the whole record can leave no doubt that the strip condemned was only eighty-two and a half feet wide. Moreover, the appeal requires a trial *de novo* before the circuit court. *Skalicky v. Friendship E. L. & P. Co.* 193 Wis. 395, 214 N. W. 388; *Manns v. Marinette & Menominee P. Co.* 205 Wis. 349, 235 N. W. 426, 238 N. W. 624. The proceeding is now before the circuit court and that court has jurisdiction to correct the record to conform it to the facts, so that no possible injury can result to the appellants from the misdescription in the petition, the adjudication of necessity, and the award of the commissioners of the strip of land actually condemned.

*By the Court.*—The order of the circuit court is affirmed.