HAILEY and wife, Respondents, v. ZACHARIAS and wife, Appellants: PADDEN and others, Defendants.

*No. 326. Argued June 3, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 667.)

For the appellants there was a brief by *Wilcox & Wilcox* of Eau Claire, and oral argument by *John F. Wilcox.*

For the respondents there was a brief by *Doar, Drill & Norman* of New Richmond, and oral argument by *James A. Drill.*

ROBERT W. HANSEN, J. Wisconsin statutes provide that in any action where the complaint contains a legal description of real estate and seeks relief in respect to the title thereto, plaintiff shall file a *lis pendens.*[1] The early version of the statute made filing of the *lis pendens* notice permissive,[2] except in mortgage foreclosure actions where it was required.[3] In 1955, the law was amended to require the *lis pendens* filing in all actions involving real estate.[4] In a condemnation case, this court has stated that the *lis pendens* is intended for the benefit of persons acquiring the property or some interest therein after the commencement of the action.[5] It is a legal notice to any such person not having

[1] Sec. 281.03 (1), Stats.
[2] Ch. 120, sec. 37, Laws of 1856.
[3] Ch. 124, sec. 7, Rev. Stats., 1858.
[4] Ch. 553, sec. 8, Laws of 1955.
[5] *Pennefeather v. Kenosha* (1933), 210 Wis. 695, 247 N. W. 440.

knowledge of the proceedings at the time his interest was procured or derived. As to parties to the action like the appellants here, who appear and participate in the proceedings, the *lis pendens* serves no real purpose and actually has no application.[6]

If the failure to file the *lis pendens* makes the judgment void, plaintiffs were entitled to have the judgment vacated. If such failure makes the judgment irregular, but not void, jurisdiction to vacate the judgment ended with the term of court in which the judgment was entered. In 1861, in a mortgage foreclosure case, this court determined that an omission to file a *lis pendens* was sufficient to make such judgment irregular, but insufficient to make such judgment void.[7] In 1866, this court asserted the common-law doctrine that a defendant who attempts to deprive a plaintiff of his judgment on the ground of an irregularity must act promptly.[8] In 1889, in a mortgage foreclosure case, this court held that a trial court has no power to vacate an irregular judgment unless the motion to vacate is made during the term of court at which the judgment was entered.[9] In 1900, in a mortgage foreclosure case, this court reviewed the above cases and reaffirmed the above law.[10] It is upon these cases that the trial court relied in denying defendants' motion to vacate the judgment, made after the term of court in which the judgment was entered. We agree that they are applicable and controlling.

While the earlier cases involve mortgage foreclosure actions and the present case involves an action to quiet title, this is a difference without a distinction. Both

---

[6] *Id.* at 210 Wis. 700.

[7] *Manning v. McClurg* (1861), 14 Wis. 379 (*350).

[8] *Aetna Life Ins. Co. v. McCormick* (1866), 20 Wis. 279 (*265).

[9] *McBride v. Wright* (1889), 75 Wis. 306, 43 N. W. 955.

[10] *State ex rel. Fuller v. Circuit Court* (1900), 108 Wis. 77, 83 N. W. 1115.

are actions related to the title to real estate with the same evident public interest in the finality of court judgments upon which future purchasers can be expected to rely.[11] The statute here involved and the statute before the court in the *Fuller Case* are substantially the same in wording and purpose.[12] In actions to quiet title as in mortgage foreclosures, the *lis pendens* requirement is not intended and certainly is not needed to give notice to parties participating in the trial.[13] Particularly as between the parties to the action, failure to file a *lis pendens* is a minor irregularity, not a fatal flaw to the validity of the judgment entered.

It is true that the cases upon which the trial court relied, and upon which we rely, go back to the turn of the century and earlier. However, there is no reason in the law of appellate review to follow Lin Piao's revolutionary maxim that "Everything that is old has got to go." The *Fuller* decision makes good sense in 1968, as it did in 1900. This turn-of-the-century decision and

---

[11] "And the reason is, that there would never be an end of litigation, if a court could one term render a judgment, and the next change its opinions either on the law or evidence, and set aside the judgment; for at the next term, it might conclude its first judgment was right, and reverse the last, and so on. But this rule does not prevent a court . . . from setting aside a void judgment at a subsequent term." *Aetna Life Ins. Co. v. McCormick, supra,* footnote 8, at 20 Wis. 283 (*268).

[12] When the *Fuller* case was decided, the statute (sec. 3187) provided that the *lis pendens* ". . . must be filed twenty days before judgment . . ." The present statute (sec. 281.03 (1)) provides that "judgment shall not be entered . . . until 20 days after the *lis pendens* has been filed."

[13] "The doctrine of '*lis pendens* has no application as between the parties to the action.' 38 Corp. Jur. p. 55 . . . The doctrine 'will not be given effect when the reasons which give rise to it do not require its enforcement.' 38 Corp. Jur. p. 9." quoted with approval in *Pennefeather v. Kenosha, supra,* footnote 5, at 210 Wis. 700.

its predecessors are not sweet cider that has soured over the years. They are vintage wines that have lost neither flavor nor savor during the many years that have passed since they were written.

*By the Court.*—Order affirmed.