BELLEVILLE STATE BANK, Plaintiff-Respondent,

v.

Wendell W. STEELE, a/k/a W. William Steele, a/k/a Wendell William Steele, Defendant-Appellant-Petitioner,

Flavia Ilene STEELE and Rock Savings Association, f/k/a Beloit Building and Loan Association, Defendants.

Supreme Court

*No. 82–1130. Argued January 31, 1984.—Decided March 27, 1984.*

(Also reported in 345 N.W.2d 405.)

For the defendant-appellant-petitioner there were briefs by *Joseph F. Owens* and *Murphy, Stolper, Brewster & Desmond, S.C.,* Madison, and oral argument by *Mr. Owens.*

For the plaintiff-respondent there was a brief by *Gerald W. Noll* and *O'Neal, Noll, Elliott, Forbeck & Iglesias, S.C.,* Beloit, and oral argument by *Jerome Elliott.*

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals filed April 29, 1983, affirming a judgment of the circuit court for Rock county, J. Richard Long, circuit judge, granting foreclosure of a mortgage. The issue presented is whether a "Notice of Suit" of an Illinois divorce action filed in the office of the register of deeds of Rock County, Wisconsin, the county in which real property owned by one of the parties to the divorce is situated, constitutes a valid lis pendens binding as to any subsequent purchaser or encumbrancer of the property.

The circuit court concluded that the filing of the notice of the divorce suit did not constitute a filing of a lis pendens because (1) the lis pendens statute, sec. 840.10, does not apply to actions pending in courts located outside Wisconsin; and (2) under the common law of lis pendens, the lis pendens was effective only in the terri-

torial jurisdiction of the court in which the litigation was pending.

The court of appeals summarily affirmed the judgment of foreclosure, apparently reasoning that because an Illinois court cannot transfer title to real property located in Wisconsin, the filing of the notice of the Illinois suit did not fall within sec. 840.10(1).

We conclude that the filing of the notice of the suit constitutes the filing of a valid lis pendens under sec. 840.10. Accordingly we reverse the decision of the court of appeals and reverse the judgment of the circuit court.

The dispute as to the effect of the filing of the notice of the suit arises from Flavia Steele's commencement of a divorce action in 1977 in Cook County, Illinois, against her husband,Wendell Steele. Wendell Steele filed a counterclaim for divorce and filed (recorded) a "Notice of Suit" with the Rock County Register of Deeds on June 12, 1978. The notice stated that a divorce action was pending between Flavia Steele and Wendell Steele in Cook County, Illinois, and that the action may affect title to the Rock county real property described in the notice. At the commencement of the divorce and at the filing of the notice, the title owner of record was Flavia Steele, according to the records in the office of the Rock County Register of Deeds.

On September 10, 1979, the Illinois court granted a divorce to Wendell Steele, having found that both parties to the divorce were domiciled in Illinois for the requisite amount of time to confer jurisdiction upon that court. Because Flavia Steele filed the divorce complaint and Wendell Steele filed a counterclaim, the Illinois court apparently had personal jurisdiction of the parties. The Illinois court concluded that Wendell Steele was the sole owner of the Rock county property and that the property had been conveyed to Flavia Steele in trust for Wendell Steele. The Illinois court ordered Flavia Steele to convey

the Rock county property "free and clear" to Wendell Steele. The Illinois judgment was not challenged in the Illinois courts. According to the records before us, it appears that the judgment was not recorded in the office of the Rock County Register of Deeds.

On July 23, 1980, Flavia Steele executed a quitclaim deed to the Rock county property to Wendell Steele pursuant to the Cook county divorce judgment. This deed was recorded in the office of the Rock County Register of Deeds on August 27, 1980.

On July 16, 1980, seven days before she deeded the property to Wendell Steele, Flavia Steele executed a mortgage on the property to Belleville State Bank. This mortgage was recorded on July 24, 1980, in the office of the Rock County Register of Deeds.

On August 19, 1981, Belleville State Bank filed a complaint in the Rock county circuit court for foreclosure because Flavia Steele defaulted on the mortgage. Flavia Steele had moved to California and could not be located for service of process.

Wendell Steele (Steele) defends the foreclosure action, asserting that his filing the "Notice of Suit" constitutes an effective lis pendens under sec. 840.10, Stats. 1981–82, and that the Belleville State Bank, a subsequent encumbrancer, is bound by the Illinois divorce judgment decreeing Wendell Steele the owner of the real property and ordering title transferred to him free and clear.

Sec. 840.10(1), Stats. 1981–82, provides that in an action where relief is demanded affecting described real property, the plaintiff (or if the defendant asks relief on a counterclaim, then the defendant) shall file in the office of the register of deeds where the property is located a lis pendens containing the name of the parties, the object of the action, and a description of the land. The statute further provides that from the time of filing

of the lis pendens a subsequent purchaser or encumbrancer shall be bound by the proceedings in the action to the same extent and in the same manner as if a party thereto.[1]

The bank claims, however, that it is not bound by the Illinois divorce proceedings, arguing that sec. 840.10 does

[1] Sec. 840.10, Stats. 1981–82, provides as follows:

"**840.10 Lis pendens; who may file; effect when void; discharge.** (1) In an action where relief is demanded affecting described real property which relief might confirm or change interests in the real property, after the filing of the complaint the plaintiff shall file in the office of the register of deeds of each county where any part thereof is situated, a lis pendens containing the names of the parties, the object of the action and a description of the land in that county affected thereby. In any action if the defendant asks relief on a counterclaim or cross-complaint, which contains a legal description of the real estate and seeks such relief, after the filing of the counterclaim or cross-complaint he shall file a lis pendens. From the time of such filing every purchaser or encumbrancer whose conveyance or encumbrance is not recorded or filed shall be deemed a subsequent purchaser or encumbrancer and shall be bound by the proceedings in the action to the same extent and in the same manner as if he were a party thereto. In any such action in which a lis pendens has been filed, if the party filing the same fails for one year after the filing thereof to serve and file proof of service of the summons or the counterclaim or cross-complaint on one or more of the adverse parties, the lis pendens shall be void, and upon motion and proof the court may order it discharged. Judgment shall not be entered in favor of the party required to file lis pendens until 20 days after the lis pendens has been filed.

"(2) Proceedings for acquiring land by right of eminent domain are actions within the provisions of this section and notice of the pendency thereof may be filed at any time, except as otherwise provided by statute.

"(3) The lis pendens may be discharged upon the condition and in the manner provided by s. 811.22 for discharging an attachment or by s. 806.19(1)(a) for satisfying a judgment. An instrument filed before May 1, 1951, but in accordance with this subsection shall be a discharge of the lis pendens described therein.

"(4) This section applies to all courts in this state, including United States district courts."

not apply to litigation in a state court outside Wisconsin. The bank relies on sec. 840.10 (4), which states: "This section applies to *all courts in this state,* including United States district courts." (Emphasis added.) The bank asserts that sec. 840.10 (4) permits the filing of a lis pendens only with respect to actions pending in courts located in Wisconsin.[2]

The bank thus urges the court to give a negative or exclusive interpretation to the affirmative statement in sec. 840.10 (4) as to what courts are encompassed by the statute. As Chief Justice Marshall noted in *Marbury v. Madison,* 1 Cranch 137, 174 (1803): "Affirmative words are often, in their operation, negative of other objects than those affirmed."

Steele contends that although sec. 840.10 (4) states affirmatively that the lis pendens statute applies to all courts in Wisconsin, including United States district courts, it does not state, and should not be read to state, the negative. In other words, he argues that sec. 840.10 (4) does not state, and should not be read to state, that the section does not apply to actions pending in courts outside this state in which relief is demanded affecting described real property in Wisconsin.

---

[2] The divorce complaint and counterclaim are not part of the record. The bank does not assert that the complaint or counterclaim was inadequate under sec. 840.10. Nor does the bank challenge the form of the notice or assert that the lis pendens statute does not include divorce actions. Furthermore, the bank does not claim that the effectiveness of the lis pendens terminated upon entry of the divorce judgment.

The only issue presented to this court was whether the recorded "notice of suit" relating to a divorce action pending in an Illinois court constitutes a lis pendens under sec. 840.10. The parties appear to argue the case on the theory that unless the recorded instrument was validly recorded as a lis pendens under the statute the Bank has no constructive notice of the instrument even though the instrument would have been discovered had the record been examined. Steele did not assert that the Bank had actual notice of the pending litigation.

The contrasting readings of sec. 840.10 (4) by the parties point out the ambiguity in the statutory language. This ambiguity must be resolved by looking beyond the statutory words and by applying principles of statutory interpretation to which this court frequently resorts. The primary rule of statutory interpretation is, as this court has often said, to discern the intent of the legislature. *Green Bay Packaging, Inc. v. ILHR Dept.*, 72 Wis. 2d 26, 35, 240 N.W.2d 422 (1976). For guidance to the legislature's intent as to the applicability of sec. 840.10 to actions pending in courts located outside Wisconsin, we shall first look at the legislative history of sec. 840.10 (4) and then at the development of common law and statutory doctrines of lis pendens.

From 1856 until 1959 the lis pendens statutes were silent as to whether the action was one in a Wisconsin state court, a federal court, or a court in another state. Subsection (4), added to the lis pendens statute in 1959, contains the first statutory reference to the applicability of the statute to particular courts. Ch. 186, Laws of 1959. The Wisconsin Judicial Council proposed the 1959 revision, and the Council's comments and notes are relevant in construing the provision and ascertaining the legislature's intent. *Cf. Green Bay Packaging, Inc. v. ILHR Department*, 72 Wis. 2d 26, 34, 240 N.W.2d 422 (1976) (advisory committee—Worker's Compensation Act).

The council's minutes make clear that subsection (4) was not designed to limit the application of the lis pendens statute to actions in courts in this state exclusively.[3] Rather, subsection (4) was proposed to authorize

---

[3] For a discussion of the federal statute and amendments of state laws, see 2 Patton, *Titles*, sec. 652 (2d ed. 1983 Pocket Part); White, *Federal Liens*, 14 U. Cinn. L. Rev. 1, 12–15 (1940).

filing notice of pending actions in federal courts to take advantage of a recently enacted federal statute requiring that notices of actions pending in federal courts be recorded in the state recording system if the state lis pendens statute authorized such recording.[4] See Minutes of Judicial Council, Meetings of September 19, 1958, February 20, 1959, March 25, 1959, and May 1, 1959. Nothing in the legislative history indicates that the legislature intended subsection (4) to exclude sister state courts from Wisconsin's lis pendens statute.

While subsection (4) of the statute does not exclude actions in courts of sister states, it is nevertheless possible that including court actions of sister states is incompatible with the objectives of the statute. When a statute is ambiguous, the legislature is presumed to have intended an interpretation that advances the purposes of the statute. Our court has said that an interpretation which fulfills the objectives of the statute is favored over an interpretation which defeats the objectives of the legislature. *Heaton v. Independent Mortuary Corp.,* 97 Wis. 2d 379, 393, 294 N.W.2d 15 (1980). We must therefore attempt to discover the objectives which the legislature sought to accomplish by the enactment of sec.

---

[4] 28 U.S.C. sec. 1964 as enacted in 1958 provides:

"Where the law of a State requires a notice of an action concerning real property pending in a court of the State to be registered, recorded, docketed, or indexed in a particular manner, or in a certain office or county or parish in order to give constructive notice of the action as it relates to the real property, and such law authorizes a notice of an action concerning real property pending in a United States district court to be registered, recorded, docketed, or indexed in the same manner, or in the same place, those requirements of the State law must be complied with in order to give constructive notice of such an action pending in a United States district court as it relates to real property in such State."

840.10. Because the legislature has not explicitly set forth its objectives in the statute, we must try to determine them by looking at the development of the common law and statutory doctrines of lis pendens.

Under the common law doctrine of lis pendens, persons acquiring an interest in property that was the subject of a lawsuit were conclusively bound by the result of the litigation and their interest in the real property was subject to the litigants' rights as finally determined by the court. 8 Thompson, *Real Property*, sec. 4308, p. 331 (1963). A primary objective of the common law doctrine was to preserve the status of the property pending the outcome of litigation. The common law rule of lis pendens, a phrase that literally means a pending lawsuit, comports with the maxim *Pendente lite nihil innovetur:* "Nothing should be changed during the pendency of an action."

The common law doctrine of lis pendens was also often justified as a rule of notice, that is, the pendency of judicial proceedings was presumed to be of such notoriety that commencement of judicial proceedings was considered constructive notice to pendente lite purchasers.[5] The commentators agree, however, that the basic justification for and objective of the common law rule was the promotion of the efficient administration of justice. If property which was the subject of litigation could be alienated, the court's exercise of jurisdiction would be frustrated and litigants would be forced into an unending series of lawsuits against persons acquiring the property during litigation. To protect courts' jurisdiction and give finality to judgments, the pendente

---

[5] "It is deemed that every person is bound to know the law, and to take notice of what is transpiring in the courts, from the time when the process is served and the complaint filed until the final judgment is entered." *Brown v. Cohn*, 95 Wis. 90, 93 (1897).

lite purchaser or encumbrancer was bound by the outcome of the litigation.[6]

The harshness of the common law lis pendens, which bound all purchasers by the result of the pending litigation even when they had no actual notice of the litigation, was ameliorated by limiting the operation of the rule: only if the property was located in the territorial jurisdiction of the court where the suit was pending were purchasers bound by the outcome of the litigation. If the property was located outside the territorial jurisdiction of the court where the suit was pending, purchasers were not bound by the outcome of the litigation. 3 Merrill, *Notice,* sec. 1163 (1952) ; 1 Freeman, *Law of Judgments,* sec. 544 (5th ed. 1925). This limitation was necessary to avoid forcing a purchaser or encumbrancer to search the court records of every county in the state or in the country. See *Shelton v. Johnson,* 4 Sneed 672 (Tenn. 1857). *Cf. Orton v. Citizens' State Bank,* 144 Okla. 192, 198, 291 P. 15 (1929) ; *Benton v. Shafer,* 47 Ohio St. 117, 128, 24 N.E. 197 (1890).

To further ameliorate the harsh effect of the common law rule, many states, including Wisconsin, enacted lis pendens statutes authorizing the filing of a notice of pending litigation in an office where instruments affecting the title to realty were customarily recorded. 2 Pomeroy, *Equity Jurisprudence* secs. 639, 640 (4th ed. 1918) ; 2 Lawrence, *A Treatise on Equity Jurisprudence*

---

[6] *See, e.g.,* 8 Thompson, *Real Property* sec. 4308 (1963); 1 Freeman, *Law of Judgments,* sec. 519 (5th ed. 1925) ; 2 Pomeroy, *Equity Jurisprudence* sec. 632 (4th ed. 1918) ; 1 Merrill, *Notice* sec. 1141 (1952) ; 2 Lawrence, *A Treatise on Equity Jurisprudence* sec. 716 (1929) ; Story, *Commentaries on Equity Jurisprudence* sec. 405–406 (1884) ; Note, *Statutory Lis Pendens,* 20 Iowa L. Rev. 476, 477 (1935) ; Note, *Lis Pendens in Favor of the Defendant,* 7 Colum. L. Rev. 282, (1907) ; Note, *The Basis of Lis Pendens,* 20 Harv. L. Rev. 488 (1907).

sec. 717 (1929); Note, *Statutory Lis Pendens*, 20 Iowa L. Rev. 476 (1935).

The first Wisconsin lis pendens statute authorized a party to an action affecting real property to file a lis pendens with the clerk of the circuit court of each county in which the real property was situated.[7] Ch. 120, sec. 37, Laws of 1856.[8] In 1858, the place of filing was changed to the register of deeds of each county in which the property was situated. Ch. 124, sec. 7, 1858 Rev. Stats.[9] The 1858 lis pendens statute remained substantially unchanged until 1955 when the filing of a lis

---

[7] Whether the lis pendens statute was intended to supplement or supplant the common law doctrine of lis pendens is not in issue in this case. *See Brown v. Cohn*, 95 Wis. 90, 93 (1897).

[8] Ch. 120, sec. 37, Laws of 1856, provides:

"Sec. 37. In an action affecting the title to real property, the plaintiff at the time of filing the complaint, or at any time afterwards, may file with the clerk of the circuit court of each county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the property in that county affected thereby, and if the action be for the foreclosure of a mortgage, such notice must be filed twenty days before judgment, and must contain the date of the mortgage, the parties thereto, and the time and place of recording the same. From the time of filing only, shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby."

[9] Ch. 124, sec. 7, 1858 Rev. Stats., provides:

"In an action affecting the title to real property, the plaintiff at the time of filing the complaint, or at any time afterward, may file with the register of deeds of each county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the property in that county affected thereby; and if the action be for the foreclosure of a mortgage, such notice must be filed twenty days before judgment, and must contain the date of the mortgage, the parties thereto, and the time and place of recording the same; from the time of filing only shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby."

pendens was made mandatory where the complaint or counterclaim contains a legal description of the real property and seeks relief in respect to the title thereto. The 1955 law also prohibited the entry of judgment in favor of the party required to file lis pendens until 20 days after the lis pendens has been filed. Ch. 553, sec. 8, Laws of 1955; sec. 281.03 (1), Stats. 1955.[10]

Thus sec. 840.10, like the common law, has as its primary purpose the protection of the courts' and the litigants' interests in the finality of the judgment. Sec.

[10] Sec. 281.03 (1), Stats. 1955, provides:

"281.03 Lis pendens; who may file; effect; when void; discharge. (1) In an action where the complaint contains a legal description of real estate and seeks relief in respect to the title thereto, after the filing of the complaint the plaintiff shall file in the office of the register of deeds of each county where any part thereof is situated, a lis pendens containing the names of the parties, the object of the action and a description of the land in that county affected thereby. In any action if the defendant asks relief on a counterclaim or cross-complaint, which contains a legal description of real estate and seeks relief in respect to the title thereto, after the filing of the counterclaim or cross-complaint he shall file a lis pendens. From the time of such filing every purchaser or encumbrancer whose conveyance or encumbrance is not recorded or filed shall be deemed a subsequent purchaser or encumbrancer and shall be bound by the proceedings in the action to the same extent and in the same manner as if he were a party thereto. In any such action in which a lis pendens has been filed, if the party filing the same shall fail for one year after the filing thereof to serve and file proof of service of the summons or the counterclaim or cross-complaint of one or more of the adverse parties, said notice shall be void, and upon motion and proof of the court may order such notice struck from the files. Judgment shall not be entered in favor of the party required to file lis pendens until 20 days after the lis pendens has been filed."

Failure to file a lis pendens is an irregularity; it does not render the judgment void. As between the parties to the action the lis pendens serves no real purpose. *Hailey v. Zacharias*, 39 Wis. 2d 536, 538, 159 N.W.2d 667 (1968); *Pennefeather v. Kenosha*, 210 Wis. 695, 700, 247 N.W. 440 (1933).

■

840.10 has the additional objective of giving prospective purchasers and encumbrancers notice of pending actions so that they may avoid "buying a lawsuit."[11] The Wisconsin lis pendens statute accords pendente lite purchasers or encumbrancers a means by which to inform themselves of litigation affecting title to the property.

Under statutory lis pendens the prospective purchaser and encumbrancer need look only in the office of the register of deeds in the county in which the land is situated to determine if there is any pending litigation affecting the land. There is no reason therefore for statutory lis pendens, in contrast to the common law lis pendens, to be limited to the territorial jurisdiction of the court in which the action is pending. The two objectives of the lis pendens statute—to protect court proceedings and to give notice to prospective purchasers—would be served if the statute were applied to out-of-state judicial proceedings. It would therefore appear desirable to so apply the statute unless such an application would create special difficulties.

Applying sec. 840.10 to out-of-state judicial proceedings may be viewed as interfering with the transfer of real property in this state. Persons litigating outside the state may misuse the statute by filing lis pendens in actions not encompassed in the statute. Moreover, it is more difficult for prospective purchasers of Wisconsin real property to determine the status or validity of an action in a court outside the state than in a Wisconsin court.

We do not find this reasoning persuasive. First, there is a cause of action for slander of title if a false, sham, or frivolous lis pendens is filed. *See* sec. 706.13, Stats.

[11] *See Mercantile Contract Purchase Corp. v. Melnick,* 47 Wis. 2d 580, 177 N.W.2d 858 (1970) ; *J&S Corp. v. Mortgage Associates, Inc.,* 41 Wis. 2d 418, 164 N.W.2d 221 (1969) ; *Harley v. Zacharias,* 39 Wis. 2d 536, 538, 159 N.W.2d 667 (1968).

1981-82; *Schlytter v. Lesperance,* 62 Wis. 2d 661, 215 N.W.2d 552 (1974). Second and more important, any inconvenience caused prospective purchasers or encumbrancers by the filing of a lis pendens is outweighed by the protection afforded them. The lis pendens warns them of possible challenges if they acquire interest in the property. For these reasons we conclude that interpreting sec. 840.10 to include actions filed in courts outside the state furthers the legislative objectives without unduly burdening the transfer of real property in this state.

The bank apparently further argues that even if the lis pendens statute is applicable to actions in courts outside the state, it is not applicable to divorce actions in courts outside the state. The lis pendens statute, like the common law, was made applicable only to certain types of actions. Sec. 840.10 is limited to actions "where relief is demanded affecting described real property which relief might confirm or change interest in the real property." Sec. 840.10(1), Stats. 1981-82.

Although the issue has never been addressed in Wisconsin, both common law and statutory lis pendens have generally been held to apply to divorce actions, because title to real property may be placed in issue in a divorce action. *Joneson v. Joneson,* 251 Iowa 825, 102 N.W.2d 911, 913-15 (1960); *Pearson v. Logan,* 208 Okla. 234, 255 P.2d 255, 258 (1953); 1 Freeman, *Judgments,* sec. 534 (5th ed. 1925); 2 Pomeroy, *Equity Jurisprudence,* sec. 635, n. 1a (4th ed. 1918).[12] We conclude, as the

---

[12] Manuals relating to Wisconsin practice advise lawyers that filing a notice of lis pendens is recommended in divorce actions where the relief demanded might affect an interest in real estate and where there is any danger that the real estate might be conveyed or encumbered during the divorce litigation. Greenberg, *Wisconsin Real Estate Part I,* sec. 6.17 (The Practical Systems Library, 1983).

parties to this litigation seem to assume, that sec. 840.10, Stats. 1981–82, applies to actions for divorce in Wisconsin in which relief is sought affecting specified described real property in Wisconsin.

However, such a conclusion does not necessarily mean that sec. 840.10 should apply to divorce proceedings outside this state in which relief is sought affecting real property in Wisconsin. The Bank contends that the legislature did not intend sec. 840.10 to encompass a lis pendens relating to an Illinois divorce action where the parties owned Wisconsin real property because a sister state court has no power to confirm or change interest in real property in Wisconsin.

We agree with the bank that a divorce decree cannot change title to real property which is beyond the territorial limits of the jurisdiction of the court. Nevertheless this court has recognized that a divorce court outside this state having personal jurisdiction of a party may order that party to execute a conveyance of real property located in Wisconsin. *Trowbridge v. Trowbridge,* 16 Wis. 2d 176, 187, 114 N.W.2d 129 (1962); *Mallette v. Scheerer,* 164 Wis. 415, 418, 160 N.W. 182 (1916). See cases in Annot., *Power of Divorce Court to Deal with Real Property Located in Another State,* 34 ALR2d 962 (1970). Because we have recognized that title to real property located in Wisconsin may be affected, albeit indirectly, by a divorce judgment of a sister state, we conclude that a foreign divorce action in which relief is demanded affecting described real property in Wisconsin falls within the purview of sec. 840.10(1).

The dual purpose of the lis pendens statute, giving finality to judgments and protecting persons who acquire interest in Wisconsin real property, are served by allowing lis pendens to be filed in an out-of-state divorce judgment. The lis pendens protects the divorce judgment of

a court of a sister state and protects the parties to the divorce who have an interest in Wisconsin real property by giving them an opportunity to warn others of their interest. The lis pendens protects purchasers and encumbrancers of Wisconsin real property by putting them on notice that a divorce action is pending involving interests in real property.

For these reasons, we conclude that sec. 840.10, which applies to actions "affecting described real property which . . . might confirm or change interests in the real property," applies to the lis pendens filed in this case in the office of the Rock County Register of Deeds as to an Illinois divorce action affecting described real property in Rock County, Wisconsin.

Since the mortgage was recorded after the lis pendens, the Belleville State Bank is a subsequent encumbrancer, and its interest in the property is subject to the outcome of the Illinois divorce action. "The purchaser *pendente lite* is deemed to be represented in the litigation by his vendor and the purchaser is just as much bound by the final judgment rendered as is the party whose right he purchases." *Brown v. Cohn,* 95 Wis. 90, 93 (1897). We conclude that the mortgage executed by Flavia Steele to the Bank is ineffective since title was confirmed, free and clear, in Wendell Steele. *J. & S. Corp. v. Mortgage Associates, Inc.,* 41 Wis. 2d 418, 164 N.W.2d 221 (1969).

Accordingly we reverse the decision of the court of appeals, reverse the judgment of the circuit court, and remand the matter to the circuit court for further proceedings not inconsistent with this opinion.

*By the Court.*—Decision of the court of appeals reversed; judgment of the circuit court reversed; cause remanded to the circuit court.