COURT OF APPEALS
DECISION
DATED AND FILED

September 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP493**

**STATE OF WISCONSIN**

Cir. Ct. No. **2015CV5338**

**IN COURT OF APPEALS
DISTRICT I**

GERMANIA REAL ESTATE VENTURE II LLC,

PLAINTIFF-APPELLANT,

V.

STIR LLC,

DEFENDANT-THIRD-PARTY
PLAINTIFF-RESPONDENT,

GERMANIA HISTORIC, LLC,

THIRD-PARTY DEFENDANT-CO-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: CLARE L. FIORENZA, Judge. *Affirmed in part; reversed in part and cause remanded with directions.*

Before Brash, C.J., Donald, P.J., and Dugan, J.

¶1 DONALD, P.J. Germania Real Estate Venture II LLC ("Germania") and Germania Historic, LLC ("Historic") appeal an order of the circuit court granting STIR LLC ("STIR") damages arising from the breach of a commercial lease. Germania and Historic contend that the circuit court erred in finding that STIR had an enforceable right of first refusal under the lease and in its calculation of damages. We conclude that the lease, by its plain terms, granted STIR an enforceable right of first refusal. However, we reverse and remand this case for further factual findings regarding damages.

## BACKGROUND

¶2 This case comes before us after extensive litigation in the circuit court. This section serves as an overview of the facts relevant to this appeal. Additional background facts will be referenced as necessary in the discussion section.

¶3 STIR, a marketing agency, leased 3,591 square feet of office space on the eighth floor of the historic Germania Building, located at 135 West Wells Street in Milwaukee. STIR's initial lease ran from October 1, 2010 until September 30, 2015, with two optional three-year renewals. The lease also included a "right of first refusal on any space that becomes available on the [eighth] floor."

¶4 In 2014, the building went into foreclosure and STIR renegotiated its lease with The Equitable Bank NA, the successor landlord. The amendment incorporated the original lease with some changes, including an expansion of rental space to 5,677 square feet and an extended lease term of July 1, 2014 to November 30, 2019, with two optional five-year renewals. Notably, the amendment retained the right of first refusal.

¶5      In December 2014, Germania purchased the building to redevelop it into affordable housing.[1]   After Germania acquired the building, Germania's representatives, including Peggy Atwood, met with STIR's owner.  According to Atwood's notes, Germania "can work around [STIR] if they wish to stay.  We can create the housing on floors 2-7."

¶6      On March 23, 2015, STIR provided notice to Germania that it intended to exercise its right of first refusal as the other tenants vacated the eighth floor.

¶7      On May 4, 2015, Germania gave written notice to STIR that it was going to extensively renovate the building and that all tenants must vacate by November 1, 2015.  Germania further informed STIR that the eighth floor was being converted into residential space, thus, no additional general office space would become available to lease.

¶8      STIR declined to vacate the building, and on July 1, 2015, Germania filed the underlying action against STIR, requesting a declaratory judgment that it could breach the original lease and lease amendment.

¶9      On October 13, 2015, the circuit court granted Germania the right to breach its lease.  The circuit court reserved the issue of the amount of damages Germania owed STIR for a later date.

¶10      On December 8, 2015, the circuit court required Germania to post a bond in the amount of $195,000 before STIR moved.  Subsequently, on

---

[1]  The eighth floor was ultimately a mix of market rate and subsidized apartments.

3

December 11, 2015, the circuit court ordered that STIR vacate the building by December 31, 2015. The order further provided that if STIR's move could not be accomplished by December 31, 2015, Germania must provide reasonable access to the building beyond that date.

¶11    At the end of December 2015, STIR moved to the second floor at 330 East Kilbourn (Plaza East). There, STIR occupied 6,263 square feet of space.

¶12    In August 2016, the case was judicially transferred to a different circuit court judge. Over the next several months, the parties appeared before the court to address discovery issues, motions for partial summary judgment, and motions *in limine*.

¶13    In April 2017, Germania informed the court and STIR that the Germania Building had been sold to Historic in June 2016. STIR amended its counter claim to include Historic as a third-party defendant.

¶14    On May 30, 2017, STIR sent a second letter regarding its right of first refusal because the eighth floor was being publicly offered.

¶15    On July 13, 2017, the circuit court concluded that STIR's right of first refusal was "enforceable."[2] The circuit court stated that the language in the lease was "unambiguous" and that "[a] reasonable person would understand the words to mean that any space that becomes available on the eighth floor, whether it be residential or office space, is subject to STIR's right of first refusal."

---

[2] In its bond decision, the first judge also concluded that STIR had an enforceable right of first refusal. However, because this ruling was made in the context of setting the bond, the successor court concluded that this ruling was not final and re-examined the issue.

Although the court concluded that STIR had an enforceable right of first refusal, it stated it was not expressing any opinion on whether STIR would have exercised its right of first refusal.

¶16    In April 2018, a five-day court trial on damages took place. Testimony was taken from multiple witnesses, including Peter Morrison, STIR's expert witness for valuation, Jack Price, a Milwaukee area commercial real estate broker, and Steven Vitale, Germania's expert witness for valuation.

¶17    STIR argued that the circuit court should compare the difference between the rent at the Germania Building to the rent at Plaza East resulting in damages of $828,466.  STIR also argued that it was entitled to $590,171 for the lost option of the right of first refusal, $24,526.39 for moving expenses, $64,408.75 for employee time related to the move, $145,513.33 for suite buildouts, $68,040 for parking costs, and $13,162.80 for storage fees.

¶18    In contrast, Germania argued STIR was only entitled to $43,000 for the value of the lease and lost option and $23,801.39 for moving expenses. Germania argued that the value of the lease should be a comparison between the rent at the Germania Building to market rent based on five comparable properties, with the most weight given to 301 West Wisconsin Avenue (Matthews Building) and 324 East Wisconsin Avenue (Wells Building).[3]

¶19    On February 7, 2020, the circuit court, in a written decision, found in pertinent part that STIR "took reasonable efforts to find [a] new space," and that

---

[3]  Historic argued that it was not liable for the breach of the lease, but to the extent it was liable, joined Germania's damages argument.

"the appropriate measure of damages is to compare STIR's actual lease at the [Germania Building] to its rent at [Plaza East]." The court concluded that STIR was entitled to damages in the amount of $1,152,360.90 broken down as follows: (1) $741,721.30 in damages for the difference in rent between the Germania Building and Plaza East; (2) $357,536.58 in damages for the lost option of the right of first refusal; (3) $24,526.89 in damages for moving expenses; (4) $16,813.33 in damages for buildout expenses; and (5) $11,762.80 in damages for increased storage costs. The circuit court denied STIR's request for employee time spent moving and parking costs. In addition, the court concluded that Historic was jointly and severally liable to STIR for damages.[4] Germania and Historic appeal.

## DISCUSSION

### I.      The Right of First Refusal

¶20    Germania and Historic first argue that STIR was not entitled to exercise its right of first refusal.

¶21    A lease is a written contract. *See **Tufail v. Midwest Hosp., LLC**,* 2013 WI 62, ¶24, 348 Wis. 2d 631, 833 N.W.2d 586. "The interpretation and construction of a contract is a question of law that we review without deference to the [circuit] court." ***Zimmerman v. DHSS***, 169 Wis. 2d 498, 507, 485 N.W.2d 290 (Ct. App. 1992). "When the terms of a contract are plain and unambiguous, we will construe the contract as it stands." ***State v. Peppertree Resort Villas, Inc.***, 2002 WI App 207, ¶14, 257 Wis. 2d 421, 651 N.W.2d 345.

---

[4] This ruling is not challenged on appeal.

¶22    In this case, the right of first refusal provision in the original lease, which was incorporated into the lease amendment, provides:

> Article 27.  RIGHT OF FIRST REFUSAL.  Tenant will require the right of first refusal on any space that becomes available on the eight (8th) floor.  Landlord shall present the signed letter of intent to Tenant.  Tenant shall have ten (10) business days to review/accept the deal.  If the tenant does not respond with the ten (10) business days, then Landlord is free to lease the space.  The additional space shall be rented at the same monthly amount as the Lease rate for that period.[5]

¶23    Like the circuit court, we conclude that the plain language of the right of first refusal unambiguously provides that STIR has the right of first refusal on "any space" on the eighth floor.

¶24    Germania and Historic argue that the right of first refusal is limited to "General Office" space.  In support, they point to another section in the lease, which provides:

> 6.  USE OF PREMISES.  The tenant shall occupy and use the demised premises during the full term for the purpose specified above and no other; General Office.

However, the plain language of this section simply dictates how the tenant must use the premises.  It does not reference the right of first refusal.

¶25    Moreover, the use of "general office space" elsewhere in the lease cuts against Germania and Historic's argument.  If the right of first refusal was limited to "general office space," the lease would have said so.  Instead, the right of first refusal provision specifically states "any space," not "any general office

---

[5] The lease amendment changed the time for the tenant to respond from ten business days to five business days.

space." Thus, we conclude, that the lease provision unambiguously provided that STIR had a right of first refusal on "any space."

## II.    Damages

¶26    "Determining damages is within the [circuit] court's discretion[,]" and "[w]e will not reverse the [circuit] court's findings of fact on damages unless they are clearly erroneous." *J.K. v. Peters*, 2011 WI App 149, ¶32, 337 Wis. 2d 504, 808 N.W.2d 141. "[D]ue regard shall be given to the opportunity of the [circuit] court to judge the credibility of the witnesses." WIS. STAT. § 805.17(2) (2019-20).[6]    We will sustain a discretionary decision where the trial court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Gaugert v. Duve*, 2001 WI 83, ¶44, 244 Wis. 2d 691, 628 N.W.2d 861 (citation omitted).

¶27    Germania contends that the circuit court: (1) ignored STIR's duty to mitigate damages; (2) erroneously determined that the Plaza East building was comparable to the Germania Building; (3) erroneously accepted the opinion of STIR's expert, Peter Morrison; (4) erroneously rejected the opinion of Germania's expert, Steven Vitale; and (5) erroneously calculated the damages for the right of first refusal.

---

[6] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶28    We conclude that it is necessary to remand this case for further factual findings regarding the right of first refusal, and for the circuit court to determine if those additional factual findings impact the damage calculations.

¶29    In this case, the written decision on damages reiterated the circuit court's pre-trial ruling that STIR had an enforceable right of first refusal. The decision then used an "expansion space" of 3,586 square feet to calculate STIR's damages for the lost option of the right of first refusal. Absent from the decision, however, are any factual findings regarding whether STIR was actually going to exercise the right of first refusal. *See id.*, ¶44.

¶30    Moreover, we observe that the record reflects that at the Germania building, STIR occupied 5,677 square feet of space. Subsequently, at Plaza East, STIR occupied 6,263 square feet of space—an expansion of only 586 square feet. This contrasts significantly with the 3,586 square feet of expansion space used by the circuit court to calculate damages.

¶31    Therefore, we remand this case for the circuit court to make further factual findings regarding whether STIR was actually going to exercise its right of first refusal. In addition, we direct the circuit court to determine whether the additional findings impact the calculation of damages for the right of first refusal and any of the other damages awarded.

**CONCLUSION**

¶32    For the reasons stated above, we conclude that the plain language of the lease granted STIR an enforceable right of first refusal. However, we reverse and remand this case for further fact finding regarding whether STIR was going to

exercise that right, and whether those findings impact any of the damage calculations.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.

Not recommended for publication in the official reports.